**IT IS ORDERED as set forth below:**

**Date: November 14, 2018**



_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
|  | : |  |
| DOROTHY DELISFORT-CRISOSTOMO, | : | 14-69797-LRC |
|  | : |  |
|  | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 7 OF THE |
| Debtor. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is the Motion to Reopen, filed by Dorothy Delisfort-Crisostomo ("Debtor") (Doc. 66-1) (the "Motion"). Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case) on October 7, 2014 (the "Petition Date"), and Tamara Miles Ogier (the "Trustee") was appointed as the trustee of Debtor's bankruptcy estate. On November 14, 2014, the Trustee filed a report of no distribution. Subsequently, Debtor received a discharge, and the case was closed.

On November 15, 2017, Debtor filed a motion to reopen the Chapter 7 Case to amend her schedules to reclassify a creditor, Russell C. Weigel, III ("Weigel") from unsecured to secured and to avoid Weigel's lien. Weigel opposed the Motion, asserting that Debtor is not entitled to avoid his lien. (Docs. 69, 72, 74).

After filing the Motion, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. *See* Case Number 18-52088-JRS (the "Chapter 13 Case"). In an order dated February 14, 2018, the Court deferred consideration of the Motion while the Chapter 13 Case was pending. On August 27, 2018, Debtor filed a notice of the dismissal of the Chapter 13 Case and requested that the Court schedule argument on the Motion. Debtor also filed a motion pursuant to § 522(f) to avoid a judicial lien purportedly held by Weigel. Weigel opposes the motion to avoid the judicial lien on the basis that the bankruptcy case has not yet been reopened. (Doc. 84). Weigel also opposes the Court's holding a hearing on the Motion and asserts that Debtor's arguments in support of reopening the bankruptcy case are frivolous.

According to the Motion, when Debtor filed the Chapter 7 Case, she owned real property known as 2108 New London Place, Snellville, Georgia (the "Property"), against which Weigel held a lien. Debtor states that she inadvertently scheduled Weigel as an unsecured creditor and seeks to reopen the case to allow her to amend her schedules to list the debt owed to Weigel as secured and to file a motion to avoid Weigel's lien pursuant to

2

§ 522. In the affidavit in support of the Motion, however, Debtor states that she granted Weigel a consensual lien on the Property before filing the Chapter 7 Case. Affidavit of Dorothy Delisfort Crisotimo, ¶¶ 8-9.

Pursuant to § 350(b), the Court may reopen a closed bankruptcy case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision to do so "depends on the circumstances of the case and is left to the sound discretion of the bankruptcy court." *In re Kennedy*, 2016 WL 6649200, at *2 (Bankr. M.D.N.C. Apr. 6, 2016). "In the absence of a compelling reason to the contrary, leave to reopen a closed bankruptcy case to file a lien avoidance motion should ordinarily be freely granted because neither the Bankruptcy Code nor the Bankruptcy Rules sets a time limit for lien avoidance, and to not allow the matter to be heard would frustrate Congress's intent to protect a debtor's exemptions as part of the debtor's 'fresh start.'" *In re Fitzhenry*, 1998 WL 1147929, at *4 (Bankr. E.D. Va. 1998). Nonetheless, Debtor has the burden of showing that the case should be reopened, and if Debtor's objective for the reopening is "unachievable and thus futile, the court should not reopen the case." *Id.*; *see also In re Parson*, 2007 WL 3306678, at *7 (Bankr. E.D. Va. 2007) ("Before reopening a case, the court should make the threshold determination that one of the three grounds articulated in § 350(b) exists.").

To avoid a judicial lien under § 522(f), Debtor must, as a threshold matter,

3

demonstrate that the lien sought to be avoided is a judicial lien, defined by the Bankruptcy Code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). Here, the evidence submitted by Debtor—Debtor's own affidavit—confirms that, on the Petition Date, the lien on the Property was not a judicial lien and not a non-possessory, non-purchase money security interest in household goods, but rather a consensual lien on real property that is not avoidable under § 522(f). *See* 11 U.S.C. § 522(f) (providing that "debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--(A) a *judicial lien* . . .; or (B) a nonpossessory, nonpurchase-money security interest in" household goods) (emphasis added); *see also In re Nichols,* 265 B.R. 831, 834 (10th Cir. B.A.P. 2001) ("A 'judicial lien' is defined as a 'lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding[.]' [11 U.S.C. § 101(36). A 'security interest' is a 'lien created by an agreement[.]' *Id*. at § 101(51). The latter consensual lien is very different from a 'judicial lien,' and it is not subject to avoidance under § 522(f)(1)(A).").

Debtor's affidavit contains additional facts that appear to assert other bases upon which she believes Weigel's consensual lien is invalid. This Court, however, has no subject matter jurisdiction to consider the validity of Weigel's lien. This is a Chapter 7

4

case, in which no assets were available to be liquidated for the benefit of Debtor's creditors. Therefore, such a determination would have no impact on the administration of the Chapter 7 Case. *See In re Lemco Gypsum, Inc*., 910 F.2d 784, 788 (11th Cir. 1990); *In re Maxwell,* 2012 WL 3678609, *8 (Bankr. N.D. Ga. Aug. 2, 2012) (Mullins, J.) (holding that a complaint to determine the validity of the mortgage creditor's lien on property that has been abandoned by the Chapter 7 trustee is also not a "related to" matter because there is "simply no nexus between" the complaint and the related bankruptcy case)*; see also In re Skillings,* 2012 WL 7009704, at *2 (Bankr. N.D. Ga. Nov. 6, 2012) (Diehl, J.) (dismissing complaint for lack of subject matter jurisdiction because the claims were "based on state law and nonbankruptcy federal law, and the Property to which all of the claims relate[d] [was] not property of the bankruptcy estate").

For these reasons, the Court finds that Debtor has failed to establish cause to reopen the Chapter 7 Case. Accordingly,

IT IS ORDERED that the Motion is DENIED.

## END OF DOCUMENT

**Distribution List**

**Jerbrina L. Johnson**
J. L. Johnson & Associates, LLC
P.O. Box 250073
Atlanta, Georgia 30325

**Dorothy Delisfort-Crisostomo**
2108 New London Place
Snellville, GA 30078

**Russell C. Weigel, III**
201 Alhambra Circle
Suite 1050
Coral Gables, FL 33134

**Tamara Miles Ogier**
Ogier, Rothschild & Rosenfeld PC
P. O. Box 1547
Decatur, GA 30031

**Office of the United States Trustee**
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303